IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE R. HURTADO, ID # 750634,           ) | |
|       Petitioner,           ) | |
| vs.           ) | No. 3:03-CV-2813-D |
|       ) | |
| DOUGLAS DRETKE, Director,           ) | |
| Texas Department of Criminal           ) | |
| Justice, Correctional Institutions Division,           ) | |
|       Respondent.           ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

A. Nature of the Case: This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

B. Parties: Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

C. Procedural History: In May 1996, petitioner pled guilty to burglary of a habitation. (Am. Pet. Writ of Habeas Corpus (Am Pet.) ¶¶ 2-5.) He did not appeal the conviction. (Id. ¶ 8.) He did, however, file a state petition seeking habeas relief. (Id. ¶ 11.) On September 12, 2001, the Texas Court of Criminal Appeals denied the petition. (Id.) In April 2002, petitioner filed a petition in federal court challenging the burglary conviction on grounds that his conviction was obtained with a promise of probation; he received ineffective assistance of counsel during his guilty plea; he

was denied the right to self-representation; and he was denied an official interpreter during trial and his plea. *See Hurtado v. Cockrell*, No. 3:02-CV-0778-M (N.D. Tex.) (Pet. at 7-9). The Court denied the petition on October 15, 2002. *Id.* (Judgment).

More than a year later, on November 4, 2003, petitioner filed a "Supplement to Original Application for the Writ of Habeas Corpus § 2241 and 2254" challenging his 1996 burglary conviction, which the Court received on November 17, 2003, and docketed as the instant action. (*See* Supp. to Orig. Application for Writ received Nov. 17, 2003.) On December 16, 2003, the Court received a federal petition on the standard form used for § 2254 actions. (*See* Am. Pet. at 1.) Petitioner again claims that his conviction was obtained with a promise of probation. (*Id.* at 7.) He also claims that the prosecutor withheld favorable evidence; the enhancements used violated his rights against double jeopardy; and he was denied the right to appeal. (*Id.* at 7-8.)

Because petitioner has filed a previous federal petition, the Court must determine whether the instant petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

## II.  SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir.), *cert. denied*, 540 U.S. 910 (2003); *accord United States v. Orozco-Ramirez*, 211

F.3d 862, 867 (5th Cir. 2000).[1]  A petition that is literally second or successive, however, is not necessarily a second or successive application for purposes of the AEDPA.  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998).  In *Stewart*, the Supreme Court declined to construe an application as second or successive when it followed a previous dismissal due to prematurity or lack of exhaustion.  *Id.*  "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

In this case, petitioner's previous petition was not dismissed because of any prematurity or lack of exhaustion.  Under *Orozco-Ramirez* and *Crone* petitioner therefore was required to present all available claims in his first federal petition:

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle.  The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

The instant federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his previous petition.  When he filed his previous petition he would have known the facts underlying the claims raised in the instant petition.  There is no reason petitioner could not have raised the instant claims in that petition.

---

[1] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4.  In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

4

SIGNED this 28th day of April, 2005.

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE